# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| JASON ESTES, | : | |
| Petitioner, | : | Case No. 3:06CV0119 |
| vs. | : | District Judge Thomas M. Rose |
| | | Magistrate Judge Sharon L. Ovington |
| WARDEN, Lebanon Correctional Institution, | : | |
| | : | |
| Respondent. | | |

## REPORT AND RECOMMENDATIONS[1]

### I.  INTRODUCTION

This habeas corpus case is brought *pro se* by Petitioner, Jason Estes seeking a writ of habeas corpus under 28 U.S.C. § 2254 to challenge his incarceration in Respondent's custody on a conviction by a jury of seven counts of Rape, one count of Felonious Sexual Penetration and two counts of Gross Sexual Imposition. This matter is before the Court upon Petitioner's Petition for Writ of Habeas Corpus (Doc. # 1), Respondent's Response (Doc. # 6), Petitioner's Objection to Answer (Doc. # 7), and the record as a whole.

### II.  PROCEDURAL HISTORY

Estes filed a timely appeal of his convictions in the Twelfth District Court of Appeals, Preble County, Ohio raising two assignments of error:

  1.  Jason Estes' convictions for rape, felonious sexual penetration and gross

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

> sexual imposition were against the manifest weight of the evidence, thereby denying him due process of the law. Fourteenth Amendment, United States Constitution; Section 16, Article I, Ohio Constitution.
>
> 2. The trial court erred in ordering Jason Estes to pay court-appointed attorney's fees and costs when he was indigent and without making an affirmative determination on the record of his ability to pay.

(Doc. # 6, Exhibit 3). On October 6, 2003, the Court of Appeals affirmed the judgment of the trial Court. (Doc. # 6, Exhibit 5). Estes did not appeal to the Ohio Supreme Court.

On January 12, 2004, Estes filed an application to reopen his direct appeal and raised five assignments of error:

> 1. The lower court committed prejudicial error in failing to suppress statements made by Jason Estes to law enforcement officials while custodially interrogated in violation of his 5th Amendment right to remain silent.
>
> 2. The lower court denied Estes due process of law by erroneously allowing the State to present evidence at trial of Mr. Estes' prior incriminating statements which were taken in violation of his 5th Amendment right to remain silent.
>
> 3. Jason Estes' right to a fair trial and due process of law were violated due to inadequate assistance of trial counsel.
>
> 4. Jason Estes was denied a fair trial and due process of law because of prosecutorial misconduct, a violation of the 4th, 5th, 6th and 14th Amendments of the U.S. Constitution, and Article 1, §10 & §16 of the Ohio Constitution.
>
> 5. The Defendant was prejudiced by the failure of the prosecution to disclose inculpatory evidence which enabled to [sic] prosecution to surprise the Defendant in violation of their due process rights.

(Doc. # 6, Exhibit 6).

On May 14, 2004, the Court of Appeals denied the application. (Doc. # 6, Exhibit 7). Estes did not file an appeal of the denial of his App. R. 26(B) application in the Ohio Supreme Court.

On January 18, 2005, Estes, *pro se,* filed a Petition to Set Aside Sentence or vacate Sentence raising one assignment of error:

> In a 5-4 ruling, last year, making it "Newly Discovered", the United States Supreme Court <u>Invalidated</u> an apparently common police technique of holding back the warning of the right to silence until a confession has been made, a form of "Double Interrogation" also see attached <u>Missouri, Petitioner v. Patrice Seibert cite as: 542 U.S. June 28, 2004,</u> also See <u>United States, Petitioner v. Samuel Francis Patane cite as 542 U.S. June 28, 2004.</u> Where the United States Supreme Court further addressed the misuse of the Fifth Amendment, and Miranda warnings, invalidating improper use.
>
> As the rulings attached forth applies to the argues cases, it also applies to the Petitioner Sub judice, where the invalid use of interrogation by the detectives, manipulated an involuntary statement that was eventually used to obtain a conviction against the petitioner.
>
> Thus, making his trial unfair, in violation of his Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution. The Petitioner feels his conviction should be reversed, the petitioner needs counsel to properly litigate, investigate and argue his cause at an evidentiary hearing.

(Doc. # 6, Exhibit 8). The State filed a Motion to Dismiss arguing that the petition was not timely filed and was without merit. (Doc. # 6, Exhibit 9). The trial court did not address the timeliness of the Post Conviction Petition but rather denied it on the grounds that it was without merit. (Doc. # 6, Exhibit 10). Petitioner appealed. On October 17, 2005, the Ohio Court of Appeals affirmed the trial court and stated:

> [*P5] In January 2005 appellant filed a petition to set aside or vacate his sentence, based on the U.S. Supreme Court's decision in *Missouri v. Seibert* (2004), 542 U.S. 600, 159 L. Ed. 2d 643, 124 S.Ct. 2601, arguing that his confession was obtained in violation of his *Miranda* rights. The trial court construed appellant's filing as a petition for postconviction relief and denied the petition. Appellant appeals, raising a single assignment of error arguing that the trial court erred in denying his petition.
>
> [*P6] Appellant's petition was untimely filed under the time limits of R.C. 2953.21. As pertinent to the present appeal, ."R.C. 2953.23(A) provides that a trial court may not entertain an untimely filed petition for postconviction relief unless the petitioner demonstrates that "the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition

3

> asserts a claim based on that right." R.C. 2953.23(A)(1)(b). The petitioner must additionally show "by clear and convincing evidence that, but for the constitutional error at trial, no reasonable fact-finder would have found the petitioner guilty of the offense of which [he] was convicted * * *." R.C. 2953.23(A)(2).
>
> [*P7] Appellant asserts that the holding of *Seibert* applies to his situation, and operates to exclude from evidence the confession he provided police. The *Seibert* court held that law enforcement officers violate a suspect's Fifth Amendment rights where they interrogate a suspect while in custody; elicit a confession; inform the suspect of his Miranda rights; and then elicit the same confession. *Seibert* at 2612-2613
>
> [*P8] However, review of the record in the instant matter reveals that appellant was not subject to a custodial interrogation when he provided police with his first confession. See *State v. Biros,* 78 Ohio St.3d 426, 1997 Ohio 204, 678 N.E.2d 891"(police interview of suspect did not constitute a custodial interrogation where suspect came to police station on his own and was advised that he was not under arrest). Because the holding in *Seibert* is inapplicable to appellant's situation, the trial court did not err when it denied appellant's petition for post-conviction relief. The assignment of error is overruled.

(Doc. # 6, Exhibit 14). Estes appealed the decision of the Court of Appeals in the Ohio Supreme Court. On March 28, 2006, the Ohio Supreme Court declined jurisdiction and dismissed the case. (Doc. # 6, Exhibit 15).

On April 14, 2006, Estes filed his Petition for Writ of Habeas Corpus setting forth a single ground for relief:

> **GROUND ONE**: PETITIONER'S FIFTH AMENDMENT PROTECTION AGAINST COMPELLED SELF-INCRIMINATION WAS VIOLATED BY USE OF STATEMENTS OBTAINED THROUGH INADEQUATE MIRANDA WARNINGS.
>
> **Supporting Facts**: The state court record in this case is undisputed that the petitioner was interrogated, that during the interrogation, incriminating statements were obtained by the police, that the police did not give proper Miranda warnings until after the incriminating statements were elicited by questioning, [Miranda v. Arizona (1966) 384 U.S. 436] and that the statements were used against petitioner.

(Doc. # 1).

### III. STATUTE OF LIMITATIONS

Respondent contends that Estes' Petition is time barred by the applicable statute of limitations. This contention is well-taken. The Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA") requires a state prisoner seeking to bring a habeas corpus action to file his or her Petition within one year from the conclusion of his or her state appeal. 28 U.S.C. §2244(d)(1). This one-year period begins to run from the latest of the following:

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution ... is removed;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable...;

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1).

The AEDPA permits tolling of its one-year statute of limitations as follows:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d)(2).

Estes' direct appeal in the Ohio Court of Appeals concluded on October 6, 2003 when the Ohio Court of Appeals issued its decision rejecting his Assignment of Error. Under the Ohio Supreme Court Rules of Practice, Estes had 45 days to file an appeal in the Ohio Supreme Court. *See* Ohio S.Ct. R. Pract., Rule II, §2(A). He did not do so. Consequently, the AEDPA's statute of limitations began to run on November 20, 2003.

The time continued to run for a period of fifty-three days until January 12, 2004 when

5

Estes filed his application to reopen his appeal. The statutory period was tolled from January 12, 2004 until June 28, 2004, (forty-five days after the May 14, 2004 decision of the Court of Appeals). The statute continued to run until May 9, 2005, when the one-year period expired. Estes did not file his habeas petition until March 31, 2006, when he placed it in the prison mail.

Estes argues that his Post Conviction Petition filed on January 18, 2005 should operate to toll the statutory period. In reliance, Estes cites *Artuz v. Bennett*, 531 U.S. 4 (2000), wherein the Supreme Court held that a post-conviction petition filed in state court acted to toll the limitations period even where the claims presented were procedurally barred. (Doc. #7 at 3). However, in *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S.Ct. 1807 (2005), the Court held that a state post conviction petition rejected by the state court as untimely is not "properly filed" within the meaning of §2244(d)(2). *Id.* at 414, 417. *See also Allen v. Siebert,* 128 S.Ct.2, 169 L. Ed. 2d 329 (2007)(untimely post conviction petition does not toll the running of the statute of limitations). Because the Court of Appeals rejected Estes post conviction on the grounds that it was not timely filed, the filing did not toll the statute.

Equitable tolling does not rescue Estes habeas petition from its time problem because a review of the record reveals no indication that Estes lacked either actual or constructive knowledge of the AEDPA's limitation period, or that he has been diligent in pursuing his habeas claims. Indeed, Estes has offerred no explaination for his failure to file his petition within the one-year period. In these circumstances, equitable tolling does not assist Estes in avoiding the AEDPA's one-year statute of limitations, *see Vroman v. Brigano*, 346 F.3d 598, 604-05 (6th Cir. 2003).

Accordingly, the AEDPA's one-year statute of limitations bars Estes habeas corpus

petition. Moreover, the claim raised in the petition is procedurally defaulted and without merit. The conclusion that Estes' habeas petition is barred by the applicable statute of limitations is not debatable among jurists of reason. Consequently, a certificate of appealability should not issue.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Jason Estes' Petition for a Writ of Habeas Corpus (Doc. #1) be DENIED and DISMISSED;

2. A certificate of appealability under 28 U.S.C. §2253(c) not issue; and

3. The case be terminated on the docket of this Court.

March 17, 2009

       s/ Sharon L. Ovington
       Sharon L. Ovington
    United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).